UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALGER BUTTS,

       Plaintiff,                            Case No. 12-cv-13282
                                                 Hon. Patrick J. Duggan

v.

JPMORGAN CHASE BANK, N.A.,
FEDERAL NATIONAL MORTGAGE
ASSOCIATION, As Trustees for FANNIE
MAE REMIC TRUST 2007-53,

       Defendants.

---

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM

This case arises out of the foreclosure of a residential mortgage. It is undisputed that Plaintiff Alger Butts defaulted under the terms of the loan agreement, that the foreclosure by advertisement is now complete, and that the redemption period expired without Plaintiff availing himself of the right to redeem or without having converted the foreclosure by advertisement into a foreclosure conducted with judicial oversight. Plaintiff filed the instant action in the state courts approximately three weeks prior to the expiration of the six month redemption period. Plaintiff asks this Court to convert a completed foreclosure by advertisement into a judicial foreclosure reasoning that he is entitled to such relief by virtue of an alleged violation of Michigan's loan modification statute. Because the foreclosure proceedings are complete and the redemption period has expired, this remedy would require the Court to make the antecedent finding that the

foreclosure is void for failure to comply with Michigan's foreclosure by advertisement statutes. Presently before the Court is a Motion to Dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendants JPMorgan Chase Bank ("Chase") and Federal National Mortgage Association ("Fannie Mae"). Having reviewed the pertinent briefs and having had the benefit of hearing the positions of the parties at the December 6, 2012 oral argument, the Court is prepared to issue a ruling. For the reasons stated herein, the Court grants Defendants' Motion to Dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 20, 2007, Plaintiff accepted a $417,000 loan from Chase and, in exchange, executed a promissory note secured by a mortgage on property located at 1990 Pierce Street, Birmingham, MI 48009 (the "Property"). (Compl. ¶ 7, Mortgage, Ex. 1.) Chase was identified as the Lender in both the mortgage and the accompanying promissory note. (*Id.*)

At some point during 2011, Plaintiff defaulted on his payment obligations under the loan agreement causing Chase to initiate foreclosure by advertisement proceedings beginning in November 2011. (Pl.'s Br. in Resp. 4.) The loan agreement authorized Chase to sell the property at a sheriff's sale in the event of an uncured default. (Mortgage, Compl., Ex. 1, at 13.) Prior to the sheriff's sale and in apparent accordance with Michigan law, Plaintiff attended mediation in an attempt to work out a loan modification to avoid foreclosure. (Compl. ¶ 11.) Despite qualifying for a modification pursuant to Michigan law, Plaintiff was denied a loan modification because "Defendants

2

[*sic*] counsel did not or would not include Plaintiff's spouses [*sic*] income as part of the modification." (*Id.* ¶¶ 11, 13.)

At the January 24, 2012 sheriff's sale, Chase was the successful bidder. (Pl.'s Br. in Resp., at 4.) On February 22, 2012, Chase quitclaimed the Property to Fannie Mae. (Compl. ¶ 8.) Pursuant to Michigan law, the statutory redemption period expired on July 24, 2012. Mich. Comp. Laws § 600.3240(8) (2012).

On July 2, 2012, just prior to the running of the six month statutory redemption period, Plaintiff filed the instant action in the Circuit Court for the County of Oakland.[1] Defendants timely removed Plaintiff's Complaint to this Court on July 25, 2012, on the basis of diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, 1446 (2012). While not a model of clarity, it appears as though Plaintiff's Complaint seeks to (1) challenge the legality of the now complete foreclosure by advertisement and (2) convert the foreclosure by advertisement to a judicial foreclosure.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) allows the Court to make an assessment as to whether Plaintiff's pleadings state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007), the Court must construe the complaint in favor of the plaintiff and determine whether plaintiff's factual allegations present claims plausible on their face. This standard requires a claimant to put forth

---

[1] Case No. 2012-127868-CH.

"enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" the requisite elements of their claim(s). *Id.* 550 U.S. at 557, 127 S. Ct. at 1965. Even though the complaint need not contain "detailed" factual allegations, the "factual allegations must be enough to raise a right to relief above the speculative level." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965) (internal citations omitted); *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

In determining whether a plaintiff has set forth a "claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974), courts must accept the factual allegations in the complaint as true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965. This presumption, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters*, 502 F.3d at 548 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1964-65) (internal citations and quotations omitted).

Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of [a legal transgression], the complaint has

4

alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citations omitted). In conducting this analysis, the Court may consider the pleadings, exhibits attached thereto, and documents referred to in the complaint that are central to the plaintiff's claims. *See Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999).

### III.   DISCUSSION

Plaintiff's Complaint appears (1) to challenge the legality of the now completed foreclosure by advertisement and (2) to seek the conversion of the foreclosure by advertisement to a judicial foreclosure due to Chase's allegedly improper denial of a loan modification. Defendants argue that because the redemption period expired without Plaintiff availing himself of the right to redemption, Plaintiff lacks standing to challenge the sale. Alternatively, Defendants argue that Chase possessed the requisite authority to foreclose the mortgage. Lastly, Defendants argue that Plaintiff's Complaint should be dismissed because the Court is without the power to order the relief sought by Plaintiff.

**A.      Propriety of Foreclosure by Advertisement**

In Michigan, statutory law governs foreclosure sales by advertisement. *Rainey v. U.S. Bank, N.A.*, No. 11-12520, 2011 U.S. Dist. LEXIS 123347, at *12 (E.D. Mich. Oct. 25, 2011) (Lawson, J.) (citing *Senters v. Ottawa Sav. Bank, F.S.B.*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993)). Thus, "[o]nce the mortgagee elects to foreclose a mortgage by this method, the statute governs the prerequisites of the sale, notice of foreclosure and publication, mechanisms of the sale, and redemption." *Id.* (citing *Senters*, 443 Mich. at 50, 503 N.W.2d at 641 (citing Mich. Comp. Laws § 600.3201, *et seq.*)). Mortgagors may

redeem the foreclosed property within six months of a sheriff's sale. Mich. Comp. Laws § 600.3240(8). If no redemption is made, the sheriff's deed "become[s] operative, and [] vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[.]" *Id.* § 600.3236.

In *Piotrowski v. State Land Office Board*, the Michigan Supreme Court held that mortgagors lose "all their right, title, and interest in and to the property at the expiration of their right of redemption." 302 Mich. 179, 186, 4 N.W.2d 514, 516 (1942). This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently "to bar former owners from making any claims with respect to the foreclosed property after the end of the redemption period." *Hall v. Green Tree Servicing, L.L.C.*, No. 12-11811, 2012 U.S. Dist. LEXIS 85955, at *8-9 (E.D. Mich. June 21, 2012) (Edmunds, J.) (collecting cases). This is true even if a suit is filed within the redemption period, as is the case here, because the mere filing of an action does not give rise to tolling. *Overton v. Mortgage Elec. Registration Sys.*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3 (Mich. Ct. App. May 28, 2009) (per curiam). It is this rule that Defendants cite in support of the position that Plaintiff lacks standing to challenge the foreclosure.

There is, however, one important caveat to the general rule described above. Once a foreclosure sale has taken place and the redemption period has run, "a strong showing of fraud or irregularity can undo the sale." *See, e.g.*, *Brezzell v. Bank of America, N.A.*, No. 11-11476, 2011 U.S. Dist. LEXIS 74291, at *11 (E.D. Mich. July 11, 2011) (Edmunds, J.) (citing *Overton*, No. 284950, 2009 Mich. App. LEXIS 1209, at *1). This

6

exception has alternatively been stated as permitting courts to set aside a sheriff's sale upon a finding of "fraud, accident, or mistake." *Senters*, 443 Mich. at 55, 57, 503 N.W.2d at 643, 645.  Notably, the purported fraud or irregularity must relate to the sale procedure. *Pettey v. CitiMortgage, Inc.*, No. 11-13779, 2012 U.S. Dist. LEXIS 117932, at *16 (E.D. Mich. Aug. 21, 2012) (Lawson, J.) (citing *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935) (holding that only the sale procedure may be challenged after a sale) and *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in sale proceedings (quotation omitted)).

    Because the redemption period has expired in this case, Plaintiff must make a plausible showing of fraud or irregularity to state a claim for the relief sought because any order converting the completed foreclosure into one conducted with judicial oversight would require the Court to set aside the completed foreclosure.  Contrary to Defendants' position, Plaintiff has standing to make this claim. *See, e.g.*, *Houston v. U.S. Bank Home Mortgage Wisc. Servicing*, No. 11-2444, 2012 U.S. App. LEXIS 24196, at *15 (6th Cir. Nov. 20, 2012) ("We conclude that *Overton*'s holding does not turn on standing doctrine, because such an interpretation appears to be contrary to Michigan law.") (citing *Mfrs. Hanover Mortgage Corp. v. Snell*, 142 Mich. App. 548, 553, 370 N.W.2d 401, 404 (1985)); *Rainey*, No. 11-12520, 2011 U.S. Dist. LEXIS 123347, at * 7 (standing exists even after redemption period because claimants are "the last lawful owner and possessor of the property[,]" they "often remain in continuing possession of the property[,]" and they "claim a continuing right to lawful ownership and possession

based on defects in the process used . . . to divest them of those rights." (quotation omitted)).  Plaintiff, however, does not state a plausible claim for relief.

The Complaint suggests Chase lacked the authority to foreclose due to a lack of clarity regarding who held the note and mortgage at issue. (Compl. at 4.)  Under Michigan law, the foreclosing party must be "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  Mich. Comp. Laws § 600.3204(1)(d).  Plaintiff concedes that Chase was at least the servicing agent of the mortgage.  (Pl.'s Br. in Resp. 8.)  As such, Plaintiff appears to have abandoned the argument that Chase was without statutory authority to foreclose the Property by advertisement.

Plaintiff argues, in a rather convoluted fashion devoid of legal authority, that Chase was not the "true creditor" and thus lacked authority to submit a "full credit bid" when it purchased the property at the sheriff's sale.  (Pl.'s Br. in Resp. 9-10.)  This argument appears to rest on the alleged securitization of the Mortgage Loan and the lack of any documentation from Fannie Mae (the alleged "*True* Creditor") authorizing Chase (the "mere loan servicer") to submit a credit bid on its behalf.  (*Id.*, at 10 (emphasis in original).)  As evidence of the securitization, Plaintiff attached a report and affidavit from an individual named Arthur Bernardo to his Complaint and Response Brief. (Property Securitization Analysis Report, Compl., Ex. 2; Pl.'s Br. in Resp., Ex. 2.)  These documents purport to support Plaintiff's assertion that his loan was sold, transferred, and securitized into a Fannie Mae trust.  The report references the fact that Chase services a portion of the trust, which Plaintiff seems to believe supports the argument that the loan

8

was part of that trust. However, Mr. Bernardo's affidavit states that "Loan number 41252405 [Plaintiff's loan] was not identified in any trust." (Bernardo Aff., Pl.'s Br. in Resp., Ex. 2, at 16.) The Court notes that even if the underlying indebtedness was securitized and transferred into a trust at some point in time, any such transfer has no impact on the validity of the mortgage or on the power of the mortgagee to foreclose. *Residential Funding Co. v. Saurman*, 490 Mich. 909, 805 N.W.2d 183 (2011). Although Plaintiff did not attach the Sheriff's Deed to his Complaint, it plainly shows that Chase foreclosed the Property in its capacity as mortgagee, not as trustee for the purported trust.[2] (Def.'s Br. in Supp., Ex. 1.)

To the extent Plaintiff suggests that Chase's purchase of the Property at the sheriff's sale was improper pursuant to the "credit bid rule," the argument is unavailing. The credit bid rule provides that when a mortgage lender bids the full amount of the mortgage at the sheriff's sale, in addition to the fees and costs associated with the sale, the mortgage is satisfied and the mortgage debt is extinguished. *New Freedom Mortgage Corp. v. Globe Mortgage Corp.*, 281 Mich. App. 63, 68, 761 N.W.2d 832, 836 (2008) (citations omitted). Plaintiff's mortgage expressly designates Chase as the lender. (Compl., Ex. 1., at 2.) Moreover, the Sheriff's Deed and foreclosure notices designate Chase as the mortgagee. (Def.'s Br. in Supp., Ex. 1.) Plaintiff's position that only Fannie Mae had the authority to purchase the Property using a credit bid is factually

---

[2] The Court notes that consideration of the Sheriff's Deed is appropriate on a Rule 12(b)(6) motion. Although a court ruling on a Rule 12(b)(6) motion "primarily considers the allegations in the complaint," it may also consider "matters of public record[.]" *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted).

9

unsupported. The evidence submitted by Plaintiff shows that Fannie Mae acquired the Property *after* Chase purchased it at the sheriff's sale. (Compl. ¶ 8.)

In sum, Plaintiff's arguments do not support his apparent position that the foreclosure proceedings were defective or that Chase lacked the authority to purchase the Property at the sheriff's sale. Moreover, the facts as pled do not clear the hurdle of alleging fraud or irregularity in the foreclosure proceedings sufficient to set the foreclosure aside. Because the redemption period has expired and there is no ground for setting aside the foreclosure, the deed issued at the sheriff's sale has become operative and Plaintiff's rights in the Property have been extinguished.[3] Mich. Comp. Laws § 600.3236.

**B.     Loan Modification**

Plaintiff also contends that Chase did not comply with the loan modification requirements of Michigan's foreclosure by advertisement statute. Plaintiff argues that the Court should deny Defendants' Motion because Plaintiff was eligible for a loan modification pursuant to Michigan Compiled Laws § 600.3205c(1)(a)[4], and that Plaintiff "was improperly denied the same." (Pl.'s Br. in Resp. 9.) Even if Plaintiff is correct

---

[3] This ruling precludes the necessity of addressing Defendants' laches defense.

[4] This provision provides:
> The loan modification program or process targets a ratio of the borrower's housing-related debt to the borrower's gross income of 38% or less, on an aggregate basis. Housing-related debt under this subdivision includes mortgage principal and interest, property taxes, insurance, and homeowner's fees.

Mich. Comp. Laws § 600.3205c(1)(a). Plaintiff argues that this statute "indicates that if the borrower's housing-related bebt does not exceed 38% of the borrower's gross income, the borrower is deemed to be entitled to a loan modification." (Pl.'s Br. in Resp. 9.)

10

about Defendant's failure to agree to a modification, Plaintiff has failed to show that he is entitled to the relief he seeks in the form of an Order from this Court converting the foreclosure by advertisement into a judicial foreclosure.

Plaintiff cannot state a plausible claim for relief for any alleged violation of Michigan Compiled Laws § 600.3205c, including improper denial of a loan modification, because the statute "does not require Chase to modify any specific loan, and it does not provide any basis for unwinding the foreclosure." *Ellison v. JPMorgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386, at *13 (E.D. Mich. Oct. 2, 2012) (Cohn, J.); *see also Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("[T]he statute does not permit the Court to set aside a completed foreclosure sale."); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, at *28 (E.D. Mich. Feb. 24, 2011) (Cook, J.) (noting that a "loan modification is not mandatory upon demonstration of qualification"). Rather, the sole remedy available when "a mortgagee declines to modify a loan despite the mortgagor's eligibility[]" is that "the mortgagee is not permitted to [] foreclosure by advertisement, and must instead proceed via judicial foreclosure." *Stein*, No. 10-14026, 2011 U.S. Dist. LEXIS 18357, at *28.

Plaintiff erroneously believes that he is entitled to convert the sale to a judicial foreclosure pursuant to Michigan law, which provides:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a

11

> borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Mich. Comp. Laws § 600.3205c(8). The statute's plain language "limits [Plaintiff's] relief . . . [because] it does not allow [] borrowers to avoid foreclosure altogether or set aside a completed foreclosure." *Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 U.S. Dist. LEXIS 90226, at *12 (E.D. Mich. Aug. 10, 2011) (Battani, J.). Despite Plaintiff's protestations to the contrary, this remedy is one that Plaintiff was "required to seek out prior to consummation of the foreclosure by advertisement." *Stein,* No. 10-14026, 2011 U.S. Dist. LEXIS 18357, at *29. The fact that Plaintiff filed this suit before the redemption period expired does nothing to advance his argument that he is now entitled to judicial foreclosure because the mere filing of a complaint does not toll the redemption period. *Overton*, No. 284950, 2009 Mich. App. LEXIS 1209, at *3.

In sum, even assuming Plaintiff was entitled to a loan modification, he cannot obtain the relief he seeks because the Court is without authority to set aside the foreclosure sale after the expiration of the redemption period. Similarly, standing alone, Chases' allegedly improper denial of the loan modification does not constitute fraud or irregularity in connection with the foreclosure proceedings sufficient to set aside the sale.

## IV. CONCLUSION AND ORDER

For the above-stated reasons, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's case is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

Date: December 12, 2012                                  s/PATRICK J. DUGGAN
                                                         UNITED STATES DISTRICT JUDGE

Copies to:
Jasmina Maksimovski, Esq.
Keith G. Tatarelli, Esq.
Kyle R. Dufrane, Esq.
Thomas H. Trapnell, Esq**.**